UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CHRISTOPHER W. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 5:19-cv-098-JMH |
| v. | ) | |
| | ) | |
| WARDEN FRANCISCO QUINTANA | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Christopher W. Smith is an inmate at the Federal Medical Center (FMC) in Lexington, Kentucky. Proceeding without an attorney, Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him in early 2013 while he was incarcerated at the U.S. Penitentiary - Canaan in Pennsylvania. This Court, however, will summarily deny Smith's petition because he has already litigated this same matter via a prior § 2241 petition that was denied by another federal district court.

As an initial matter, it is worth noting that Smith completed and filed this Court's approved E.D. Ky. 521 Form, the form used when a prisoner wants to file a § 2241 habeas petition. [DE 1]. That form specifically asks the prisoner, "Have you filed any previous lawsuits related to your present claim(s)?" [*Id.* at 8]. Smith affirmatively checked "NO," and then repeatedly indicated

that the section on previous litigation was "N/A," or not applicable to his case. [*See id.*].

That, however, was not true. In fact, as the U.S. Attorney's Office has pointed out, Smith previously filed a § 2241 petition regarding this same matter with the U.S. District Court for the Southern District of Indiana. *See Christopher Smith v. Lariva*, No. 2:15-cv-027 (S.D. Ind. 2015). Indeed, Smith challenged the imposition of disciplinary sanctions against him arising out of the same incident at the same prison. The Southern District of Indiana reviewed Smith's petition and determined that prison officials complied with his procedural due process rights and there was evidence to support the disciplinary hearing officer's decision in his case. [*See* DE 27 at 1-3]. Thus, the Southern District of Indiana denied Smith's petition, entered Judgment in favor of the Warden, and dismissed his action with prejudice. [DE at 28].

Given the Southern District of Indiana's substantive decision, this Court will not entertain Smith's latest petition, which once again asserts due process and evidentiary arguments related to the same prison disciplinary conviction. After all, 28 U.S.C. § 2244(a) states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior

2

>application for a writ of habeas corpus, except as provided in section 2255.

Moreover, the U.S. Court of Appeals for the Sixth Circuit has recognized that this provision, and the "abuse-of-the-writ" doctrine generally, applies to § 2241 petitions, like Smith's, which seek to repeatedly challenge the loss of good time credit. *See Lane v. Terris*, No. 17-2515, 2018 WL 6822323 (6th Cir. Oct. 26, 2018). Ultimately, like the petitioner in *Lane*, Smith asserts claims that he either did raise or could have raised in his prior petition, which was fully resolved by the Southern District of Indiana. Thus, the Court will summarily deny Smith's present petition.

Finally, this Court recognizes that, in 2018, prison officials conducted a brief administrative review of the relevant sanctions imposed against Smith, but that does not justify a different result here. After all, the U.S. Attorney's Office indicates that prison officials conducted this review simply because Smith had an unrelated incident report from 2011 expunged from his record. Since that expungement retroactively eliminated Smith's prior disciplinary history, prison officials also went back and reduced the relevant sanctions at issue here, restoring most, though not all, of the good conduct time that Smith lost. [DE 13 at 8-11]. Smith cites no legal authority that suggests that this action by prison officials—which significantly benefitted him—requires this Court to consider those claims that he either did raise or could

have raised in his prior petition.  In short, Smith fully litigated this matter in a prior § 2241 petition that was denied by another federal district court, and he cannot relitigate his case here.

Accordingly, it is **ORDERED** that:

1) Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED;** and

2) This action is **STRICKEN** from the Court's docket.

3) The Court will enter an appropriate Judgment.

This 23rd day of October, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge